**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

In re:                                                      :          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.    :          Case No. 08-13555 (JMP)

                            Debtors.                       :

_____x

UNITED STATES TRUSTEE                           :
                            Appellant,                     
                                                            :          No. 13 Civ. 02211 (RJS)
-against-
                                                            :
ELLIOTT MANAGEMENT CORP., et al.          :

                            Appellees.                     :
_____x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**OF APPELLEES, PURSUANT TO 28 U.S.C. § 1292(b),**
**REQUESTING CERTIFICATION OF MARCH 31,**
**2014 ORDER FOR INTERLOCUTORY APPEAL**
**AND ISSUANCE OF STAY PENDING APPEAL**

**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 841-1069
Counsel for Wilmington Trust Company,
as member of the Committee and indenture
trustee

**SHEPPARD MULLIN RICHTER &**
**HAMPTON LLP**
30 Rockefeller Plaza
New York, NY  10112
(212) 653-8700
Counsel for The Bank of NY Mellon,
as member of the Committee and indenture
trustee

**STROOCK & STROOCK & LAVAN**
**LLP**
180 Maiden Lane
New York, NY  10038-4982
(212) 806-5400
Counsel for Mizuho Bank, Ltd. f/k/a Mizuho
Corporate Bank, Ltd., as member of the
Committee

**KLEINBERG, KAPLAN, WOLFF &**
**COHEN, P.C.**
551 Fifth Avenue, 18th Floor
New York, NY  10176
(212) 986-6000
Counsel for Elliott Management Corp.,
as former member of the Committee

**SULLIVAN & WORCESTER LLP**
One Post Office Square
Boston, MA  02109
(617) 338-2880
Counsel for U.S. Bank National Association,
as member of the Committee and indenture
trustee

**ARENT FOX LLP**
1675 Broadway
New York, NY  10019
(212) 484-3957
Counsel for The Vanguard Group, Inc.,
as member of the Committee

**LOEB & LOEB LLP**
345 Park Avenue
New York, NY  10154
(212) 407-4000
Counsel for Wilmington Trust Company,
as member of the Committee and indenture
trustee

**KLEINBERG, KAPLAN, WOLFF &
COHEN, P.C.**
551 Fifth Avenue, 18th Floor
New York, NY  10176
(212) 986-6000
Counsel for Shinsei Bank, Limited,
as former member of the Committee

**MILBANK, TWEED, HADLEY &
McCLOY LLP**
1 Chase Manhattan Plaza
New York, NY  10005
(212) 530-5000

and

1850 K Street N.W., Suite 1100
Washington, DC  20006
(202) 835-7500
Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers
Holdings Inc., et al.

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT .................................................................................2

FACTUAL BACKGROUND ....................................................................................4

      A.    Bankruptcy Court Decision .................................................................4

      B.    District Court Decision ......................................................................5

      C.    Relief Requested ...............................................................................7

I.     THE ORDER SHOULD BE CERTIFIED FOR IMMEDIATE
      INTERLOCUTORY APPEAL BECAUSE IT SATISFIES
      CRITERIA SET FORTH IN 28 U.S.C. § 1292(b) ...............................7

      A.    The Order Involves Controlling Question of Law ...............................8

           1.    *Question of Law, Not of Fact* .................................................8

           2.    *Controlling Question of Law* .................................................9

                 (a)    *Impact on Conduct of Action* ...................................9

                 (b)    *Precedential Value in Other Cases* ...........................11

           3.    *Potential Review of Substantial Contribution Question* ........12

      B.    The Order Involves Issues as to Which There Is
           Substantial Ground for Difference of Opinion ................................14

      C.    An Immediate Appeal May Materially Advance
           Ultimate Termination of the Litigation ..........................................17

II.    IF CERTIFICATION IS GRANTED, COURT SHOULD
      STAY FURTHER PROCEEDINGS IN BANKRUPTCY COURT
      PENDING DISPOSITION OF INTERLOCUTORY APPEAL ..............19

CONCLUSION .....................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bruce v. Martin*,
    712 F. Supp. 442 (S.D.N.Y.1989).............................................................................18

*Capitol Records, LLC v. Vimeo, LLC*,
    Nos. 09 Civ. 10101(RA), 09 Civ. 10105(RA),
    2013 WL 6869648 (S.D.N.Y. Dec. 31, 2013) ............................................8, 14, 17

*Chan v. City of New York*,
    803 F. Supp. 710 (S.D.N.Y. 1992)......................................................................15, 16

*City of New York v. Beretta USA Corp.*,
    524 F.3d 384 (2d Cir. 2008)......................................................................................13

*Consub Delaware LLC v. Schahin Engenharia*
    *Limitada*, 476 F. Supp. 2d 305 (S.D.N.Y. 2007),
    *aff'd*, 543 F.3d 104 (2d Cir. 2008) .............................................................................8

*Development Specialists, Inc. v. Akin Gump Strauss*
    *Hauer & Feld LLP*, No. 11 Civ. 5994(CM), 2012
    WL 2952929 (S.D.N.Y. July 18, 2012) ............................................................ passim

*Duplan Corp. v. Slaner (In re Duplan Corp.)*,
    591 F.2d 139 (2d Cir. 1978)................................................................................18, 19

*EEOC v. Maggies Paratransit Corp.*,
    351 F. Supp. 2d 51 (E.D.N.Y. 2005) ..........................................................................9

*Geron v. Robinson & Cole LLP*,
    476 B.R. 732 (S.D.N.Y. 2012)..................................................................................20

*Glatt v. Fox Searchlight Pictures Inc.*,
    No. 11 Civ. 6784(WHP), 2013 WL 5405696
    (S.D.N.Y. Sept. 17, 2013) .............................................................................9, 15, 16

*Gulino v. Board of Education of City School District*
    *of City of New York*, 907 F. Supp. 2d 492 (S.D.N.Y. 2013) ....................................15

*Harricon Svenska AB v. Harris Corp.*,
    947 F.2d 627 (2d Cir. 1991)........................................................................................8

*In re Adelphia Communications Corp.*,
    441 B.R. 6 (Bankr. S.D.N.Y. 2010)................................................................... passim

*In re AMR Corp.*,
497 B.R. 690 (Bankr. S.D.N.Y. 2013) .......................................................................... passim

*In re Cement Antitrust Litigation*,
673 F.2d 1020 (9th Cir. 1982), *aff'd, Arizona
v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) ..................................................9

*In re Enron Corp.*,
No. 06 Civ. 7828(SAS), 2007 WL 2780394
(S.D.N.Y. Sept. 24, 2007) ................................................................................14, 15

*In re Hawker Beechcraft, Inc.*,
No. 12-01890(SMB), 2013 WL 6673607
(S.D.N.Y. Dec. 18, 2013) .............................................................................8, 16, 17

*In re Lehman Brothers Holdings, Inc.*,
487 B.R. 181 (Bankr. S.D.N.Y. 2013) ....................................................................5

*In re Lloyd's American Trust Fund Litigation*,
No. 96 CIV. 1262(RWS), 1997 WL 458739
(S.D.N.Y. Aug. 12, 1997) ......................................................................................18

*In re Methyl Tertiary Butyl Ether Products Liability
Litigation*, 2005 WL 39918 (S.D.N.Y. Jan. 6, 2005) .............................................18

*In re Oxford Health Plans, Inc.*,
182 F.R.D. 51 (S.D.N.Y. 1998) .............................................................................17

*In re Zyprexa Prods. Liab. Litig.*,
No. 04-MD-1596, 2008 WL 2696916 (E.D.N.Y. Jul. 2, 2008).............................20

*Johnson v. Burken*,
930 F.2d 1202 (7th Cir. 1991) ...............................................................................19

*Kiobel v. Royal Dutch Petroleum Co.*,
456 F. Supp. 2d 457 (S.D.N.Y. 2006), *aff'd
in part, rev'd in part*, 642 F.3d 268 (2d Cir. 2010) ..........................................15, 17

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (2d Cir. 1990)..................................................................................14, 15

*Koehler v. Bank of Bermuda, Ltd.*,
101 F.3d 863 (2d Cir. 1996)....................................................................................17

*Kramer v. Lockwood Pension Services, Inc.*,
653 F. Supp. 2d 354 (S.D.N.Y. 2009)......................................................................20

*Laborers Local 17 Health & Benefit Fund v.*
*Philip Morris, Inc.*, 7 F. Supp. 2d 294 (S.D.N.Y. 1998)....................................................19

*Laurent v. PricewaterhouseCoopers LLP*,
No. 06 Civ. 2280(JPO), 2014 WL 251986
(S.D.N.Y. Jan. 22, 2014)....................................................................................................8

*McNeil v. Aguilos*,
820 F. Supp. 77 (S.D.N.Y. 1993)......................................................................................11

*Medien Patent Verwaltung AG v. Warner Brothers*
*Entertainment Inc.*,No. 10-4119,  2014 WL 1169575
(S.D.N.Y. Mar. 21, 2014) ..................................................................................................21

*Mills v. Everest Reinsurance Co.*,
771 F. Supp. 2d 270 (S.D.N.Y. 2009)...............................................................................19

*Mohammed v. Reno*,
309 F.3d 95 (2d Cir. 2002).................................................................................................21

*Munroe v. Continental Western Insurance Co.*,
735 F.3d 783 (8th Cir. 2013) .............................................................................................13

*Nken v. Holder*,
556 U.S. 418, 129 S. Ct. 1749 (2009)................................................................................21

*Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*,
808 F. Supp. 2d 604 (S.D.N.Y. 2011)...............................................................................21

*Primavera Familienstifung v. Askin*,
139 F. Supp. 2d 567 (S.D.N.Y. 2001)..................................................................................9

*Public Interest Research Group of New Jersey, Inc.*
*v. Hercules, Inc.*, 830 F. Supp. 1549 (D.N.J. 1993)..........................................................18

*Republic of Colombia v. Diageo North America Inc.*,
619 F. Supp. 2d 7 (E.D.N.Y. 2007) ....................................................................................8

*Romea v. Heiberger & Associates*,
988 F. Supp. 715 (S.D.N.Y. 1998)................................................................................8, 12

*Roth v. King*,
449 F.3d 1272 (D.C. Cir. 2006).........................................................................................13

*SEC v. Straub*,
No. 11 Civ. 9645(RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013) ...............................8

*Shipping Corp. of India, Ltd. v. Jaldhi Overseas*
    *PTE Ltd.*,No. 08 Civ. 4328(JSR), 2008 WL 2596229
    (S.D.N.Y. June 27, 2008), *aff'd in part, vacated in*
    *part, on other grounds*, 585 F.2d 8 (2d Cir. 2009) ................20

*Sutherland v. Ernst & Young LLP*,
    856 F. Supp. 2d 638 (S.D.N.Y. 2012)................21

*Tranello v. Frey*,
    962 F.2d 244 (2d Cir. 1992)................13

*Transportation Workers Union of America v.*
    *NYC Transit Authority*, 358 F. Supp. 2d 347
    (S.D.N.Y. 2005)................17

*Unger v. United States*,
    No. 90Civ. 0384(WK), 1994 WL 90358
    (S.D.N.Y. Mar. 16, 1994)................15

*United States v. Stanley*,
    483 U.S. 669 (1987)................13

*Xuedan Wang v. Hearst Corp.*,
    No. 12CV 793(HB), 2013 WL 3326650
    (S.D.N.Y. June 27, 2013)................11, 20

*Yamaha Motor Corp., USA v. Calhoun*,
    516 U.S. 199 (1996)................13

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ................ passim

11 U.S.C. § 503(b) ................ passim

11 U.S.C. § 1123(b)(6) ................ passim

11 U.S.C. § 1129(a)(4)................ passim

**RULES**

Fed. R. of App. Proc. 5(a)(3) ................7

Fed. R. of App. Proc. 8 ................21

**OTHER AUTHORITIES**

16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure* §
    3929 (1977)................13, 18

9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.25[1] (2d ed.1995) ..............................13

Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 (1996) ........................................................................................18

Jacqueline Palank, *Judge Denies Lehman Creditor Fees But Offers Hope in Ruling* Daily Bankruptcy Review, April 3, 2013 ..............................................................14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————————x

In re:                                               :        Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.                :        Case No. 08-13555 (JMP)

                Debtors.              :

———————————————————————————x

UNITED STATES TRUSTEE                                :
                    Appellant,
                                                     :        No. 13 Civ. 02211 (RJS)
-against-
                                                     :

ELLIOTT MANAGEMENT CORP., et al.                     :

                Appellees.            :

———————————————————————————x

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION OF APPELLEES, PURSUANT TO 28 U.S.C.**
**§ 1292(b), REQUESTING CERTIFICATION OF**
**MARCH 31, 2014  ORDER FOR INTERLOCUTORY**
**APPEAL AND ISSUANCE OF STAY PENDING APPEAL**

The Bank of New York Mellon ("BNYM"), Elliott Management Corp., Mizuho

Bank, Ltd. f/k/a Mizuho Corporate Bank, Ltd., Shinsei Bank, Limited, U.S. Bank National

Association ("US Bank"), The Vanguard Group, Inc. and Wilmington Trust Company

("Wilmington"), each a current or former member (in such capacities, the "Committee

Members") of the Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the

"Debtors"); BNYM, US Bank, and Wilmington, each an indenture trustee for various notes

issued by LBHI (in such capacities, the "Indenture Trustees," and together with the Committee

Members, the "Applicants"); and the Committee (together with the Applicants, the "Appellees")

hereby submit this memorandum of law in support of their motion (the "Motion"), pursuant to 28 U.S.C. § 1292(b), seeking immediate certification for interlocutory appeal of the Memorandum and Order issued by the Court on March 31, 2014 (the "Order") (i) vacating in part the memorandum decision (the "Bankruptcy Court Decision") issued by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on February 15, 2013; and (ii) remanding to the Bankruptcy Court to determine whether the Applicants' professional fees qualify for payment under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.

## PRELIMINARY STATEMENT

The Debtors' chapter 11 cases (the "Lehman Cases") were, as this Court acknowledged, "among history's largest and most complicated."  (Order at 2.)  The size and complexity of the Lehman Cases frame the subject matter of the Order—a complex issue of statutory interpretation as to which there is no controlling precedent and only ambivalent legislative history.  Whether and how individual committee members can be reimbursed for legal fees incurred in connection with their service on official committees has been the subject of debate for more than twenty years.  In 2005, Congress put an end to one aspect of this debate by amending section 503(b) of the Bankruptcy Code to preclude the reimbursement of such fees as administrative expenses when their propriety is "disputed," but it left open all other issues, including whether such fees could be allowed "consensually" under a confirmed chapter 11 plan pursuant to sections 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code.  In 2010, the *Adelphia* decision[1] answered the latter question in the affirmative and, in late 2013, was joined by the

---

[1]    *In re Adelphia Commc'ns Corp.*, 441 B.R. 6 (Bankr. S.D.N.Y. 2010) (hereinafter, "Adelphia").

*AMR* decision,[2] but in so holding, these two cases stood alone.  While chapter 11 plans in large cases had often permitted the reimbursement of committee member legal fees, there was, at the time of the Order, no other reported decision on the issue—at the bankruptcy, district court, or circuit level—and the only available legislative history related to the reimbursement of disputed—not consensually allowed—professional fees.

It is against this backdrop that the Appellees seek certification of the Order for immediate interlocutory appeal to the United States Court of Appeals for the Second Circuit (the "Second Circuit") pursuant to 28 U.S.C. § 1292(b).  Whether a chapter 11 plan may provide for the payment of professional fees incurred by individual committee members pursuant to section 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code is a "controlling question of law" for purposes of certification.  It is also, and most importantly, a question as to which there is "substantial ground for difference of opinion."  The Order undertook to explore the difficult issues of statutory interpretation raised by the Bankruptcy Court Decision, but it did so on a largely blank slate.  Given the lack of binding precedent and the colorable nature of the competing arguments, an "impartial arbiter" could have "reasonably" decided the question of the permissibility of consensual plan payments differently than did this Court.  Reasonable minds have, in fact, differed as to the resolution of this and related questions, as the *Adelphia* and *AMR* decisions (as well as the Bankruptcy Court Decision) demonstrate.  Thus, the Order should be certified for interlocutory appeal in order to afford the Second Circuit the opportunity to reach its own conclusions as to these case-dispositive issues, thereby serving the important interests of judicial economy and efficiency.

---

[2]      *In re AMR Corp.*, 497 B.R. 690 (Bankr. S.D.N.Y. 2013) (hereinafter, "AMR").

## FACTUAL BACKGROUND

### A.     Bankruptcy Court Decision

In recognition of the extraordinary contribution made by the Applicants to the Lehman Cases, particularly in securing overwhelming creditor support for the Debtors' chapter 11 plan (the "Plan"), the Debtors (and not the Committee) included in the Plan a provision for the payment of the Applicants' professional fees and expenses (the "Fee Provision").  (Dkt. No. 19627 § 6.7.)  The Plan was accepted by all impaired classes of Lehman creditors, and not a single creditor or other stakeholder objected to the Fee Provision.  Indeed, only the United States Trustee (the "UST")—a party with no economic interest in the Lehman Cases—objected to the provision.  (Dkt. No. 25394.)   The Plan was confirmed on December 6, 2011 and went effective on March 6, 2012.  (Dkt. Nos. 23023 and 26039.)

On January 30, 2012, the Applicants filed an omnibus application (as amended, the "Omnibus Application") pursuant to section 1129(a)(4), or alternatively, sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, seeking reimbursement of approximately $26 million in fees and expenses (collectively, the "Fees") that they incurred in the performance of their respective duties as Committee Members and Indenture Trustees.  (Dkt. Nos. 24762, 24881.)  Once again, the sole objection to the Omnibus Application was filed by the UST, who argued that the Bankruptcy Code prohibited the payment of individual committee members' professional fees.  (Dkt. No. 25394.)  As a result, the UST contended, the Fee Provision was invalid and the Fees could not be paid under either section 1129(a)(4) or, on account of any "substantial contribution" made by the Applicants, under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.  (*Id.*)

The Bankruptcy Court disagreed, and on February 15, 2013, issued the Bankruptcy Court Decision, which granted the Omnibus Application.  The Bankruptcy Court

held that the Fee Provision was not contrary to any Bankruptcy Code provision, and accordingly, the Fees were proper to the extent they were reasonable (which the UST conceded they were). The Bankruptcy Court further concluded that the voluntary reimbursement of such fees and expenses pursuant to a provision in a confirmed reorganization plan was not inconsistent with section 503(b) of the Bankruptcy Code, and in any case, was governed by sections 1123(b)(6) and 1129(a)(4).  In light of this holding, the Bankruptcy Court declined to reach the issue of whether the Fees could also be paid on a "substantial contribution" theory under sections 503(b)(3)(D) and 503(b)(4).  *In re Lehman Bros. Holdings, Inc.*, 487 B.R. 181, 184 n.4, 190 n.8, 193 (Bankr. S.D.N.Y. 2013).  The UST appealed the Bankruptcy Court Decision, argument on its appeal was held on September 9, 2013, and this Court issued the Order on March 31, 2014.

**B.      District Court Decision**

In the Order, the Court (i) reversed the Bankruptcy Court Decision insofar as it awarded the Fees as permissible consensual "plan payments" under sections 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code (the "Plan Payment Question"); (ii) held that the Fees could be paid under sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code, to the extent the Applicants could demonstrate that they had made a "substantial contribution" to the Lehman Cases (the "Substantial Contribution Standard Question"); and (iii) remanded the matter to the Bankruptcy Court to determine whether the Applicants had, in fact, made such a "substantial contribution."

As to the Plan Payment Question, the Court held that "because § 503(b) – the sole source of administrative expenses – excludes paying professional fee expenses on the basis of committee membership, the [Applicants] cannot have their professional fee expenses paid as administrative expenses solely on the basis of their committee membership."  (Order at 6.)  The Court reasoned that the Fee Provision "effectively rewrites § 503(b) by calling for payment of an

- 5 -

administrative expense on a basis that § 503(b) pointedly omits," is "inconsistent with § 503(b)," and thus is "impermissible under § 1123(b)(6)." (*Id.* at 7.) The Court concluded that the Applicants "may not circumvent the requirements of § 503(b) merely by using a different label such as 'permissive plan payments'" for what, in essence, are "administrative expenses." (*Id.* at 9.)

As to the Substantial Contribution Standard Question, the Court, rejecting the UST's argument, held that "the Bankruptcy Code does not necessarily exclude official committee members from the benefits of § 503(b) in all situations." (*Id.* at 11.) To the contrary, "[a]lthough official committee membership alone cannot be a sufficient condition for reimbursement of professional fee expenses, it is not a disqualification." (*Id.*) Thus, "[t]o the extent official committee members perform extraordinary work to benefit the estate, above and beyond normal committee duties, they may . . . seek to be reimbursed under § 503(b)(3)(D) and 503(b)(4), which provide for payment of the professional fees incurred by entities that have made a 'substantial contribution in a case.'" (*Id.* at 9.) On this basis, the Court held that if the Applicants "qualified under § 503(b)(3)(D) by virtue of having made a 'substantial contribution' to the bankruptcy case," the professional fee expenses they incurred in connection with the performance of their duties as Committee Members would qualify for payment under section 503(b)(4). (*Id.* at 11.)

In deciding both the Plan Payment Question and the Substantial Contribution Standard Question, the Court determined all of the legal issues presented by the Bankruptcy Court Decision. All that has been left to the Bankruptcy Court on remand is to apply the legal standard adopted by the Court with respect to the Substantial Contribution Standard Question, to

determine whether the Applicants made the requisite "substantial contribution" and how they should be compensated for this contribution.

## C.     Relief Requested

The Appellants seek certification as a "controlling question" of only the Plan Payment Question, but note, as discussed below, that if certification is granted, the entire Order will be subject to the jurisdiction of, and potential review by, the Second Circuit.  Moreover, if certification is granted, the UST will—based upon the position it espoused on appeal to this Court—be presented with the choice of prosecuting a cross-appeal with respect to the Substantial Contribution Standard Question, or if it does nothing, potentially losing the right to address this issue on appeal.  If the UST does file a cross-appeal, or the Second Circuit elects to address the Substantial Contribution Standard Question on its own initiative, immediate certification of the Order would, as discussed below, serve the ends of judicial efficiency even more fully.

## I.

### THE ORDER SHOULD BE CERTIFIED FOR IMMEDIATE INTERLOCUTORY APPEAL BECAUSE IT SATISFIES CRITERIA SET FORTH IN 28 U.S.C. § 1292(b)

A district judge may certify an order for interlocutory appeal[3] when (i) the issues to be appealed involve a controlling question of law; (ii) there is substantial ground for difference of opinion as to the proper resolution of this question; and (iii) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *see In re Hawker Beechcraft, Inc.*, No. 12-01890(SMB), 2013 WL 6673607, at *4

---

[3]     Although this Court did not certify its Order *sua sponte*, Federal Rule of Appellate Procedure 5(a)(3) provides that "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission [for appeal]."  Fed. R. App. Proc. 5(a)(3).

(S.D.N.Y. Dec. 18, 2013); *Capitol Records, LLC v. Vimeo, LLC*, Nos. 09 Civ. 10101(RA), 09

Civ. 10105(RA), 2013 WL 6869648, at *9 (S.D.N.Y. Dec. 31, 2013); *SEC v. Straub*, No. 11 Civ.

9645(RJS), 2013 WL 4399042 (S.D.N.Y. Aug. 5, 2013); *Romea v. Heiberger & Assocs.*, 988 F.

Supp. 715, 716 (S.D.N.Y. 1998).  The Order satisfies each of these elements.

**A.      The Order Involves Controlling Question of Law**

A question is "controlling" under § 1292(b) if (i) it relates to an issue of law, and

not of fact; and (ii) its reversal would materially affect the outcome of the litigation in the district

court.  The Plan Payment Question readily satisfies both of these criteria.

**1.      *Question of Law, Not of Fact***

The Plan Payment Question clearly presents "a 'pure' question of law that the

reviewing court 'could decide quickly and cleanly without having to study the record.'"  *Capitol

Record*s, 2013 WL 6869648, at *10 (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*,

476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008); *see Harricon

Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) (noting that 28 U.S.C. § 1292(b)

appeals are appropriate for review of questions of law, not of fact); *see, e.g.*, *Laurent v.

PricewaterhouseCoopers LLP*, No. 06 Civ. 2280(JPO), 2014 WL 251986, at *1 (S.D.N.Y. Jan.

22, 2014) (granting certification where relevant order "hinged on statutory interpretation—a

quintessentially legal determination"); *Republic of Colom. v. Diageo N. Am. Inc.*, 619 F. Supp.

2d 7, 11 (E.D.N.Y. 2007) (granting certification where relevant order "disposed of pure

questions of law" and there was "no dispute that at least some of these pure questions of law

[were] 'controlling' within the meaning of Section 1292(b)").  The Court itself acknowledged as

much in the Order, noting that the facts were "undisputed" (Order at 2 n.2), and proceeding to

analyze, as a matter of law, the proper statutory construction of sections 503(b), 1123(b)(6), and

1129(a)(4) of the Bankruptcy Code.

      **2.**       ***Controlling Question of Law***

      The Plan Payment Question is also a "controlling" question of law because reversal of the Order as to this question would both (i) "significantly affect the conduct of the action" and (ii) "have precedential value for a large number of cases." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784(WHP), 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001)).  In the context of a section 1292(b) motion, "the term controlling question has a broader definition than it is typically accorded in other situations."  *EEOC v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51 (E.D.N.Y. 2005); *see In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) ("[A]ll that must be shown for a question to be 'controlling' is that resolution of the issue on appeal could materially affect [the] outcome of the litigation in the district court."), *aff'd*, *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983); *see, e.g., Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, No. 11 Civ. 5994(CM), 2012 WL 2952929, at *5 (S.D.N.Y. July 18, 2012) (deeming "controlling" for purposes of 28 U.S.C.§ 1292(b) order that would "terminate" only 5 of 13 consolidated proceedings because "disposition of this issue would allow the parties and the court to focus on the alternative theories asserted" in remaining proceedings and "allow for the faster completion of those five matters and perhaps bring closer to an end what is already an overly long bankruptcy").

      **(a)**       ***Impact on Conduct of Action***

      Whether reversing or affirming the Order, a Second Circuit decision on the Plan Payment Question would, without doubt, "significantly affect the conduct of the action." *Glatt*, 2013 WL 5405696, at *2.

- 9 -

If no certification is granted, the Bankruptcy Court would be required to rule on the Applicants' "substantial contribution" to the Lehman Cases.  Clearly, regardless of the outcome, either the Appellees or the UST would appeal to this Court and—again, regardless of the outcome—to the Second Circuit.  If that happened, the Second Circuit would be presented with three sets of issues: (i) the Plan Payment Question; (ii) the Substantial Contribution Standard Question; and (iii) any issues raised by the Bankruptcy Court's application of the substantial contribution standard adopted by this Court to the facts of the Omnibus Application.

If, by contrast, certification were granted, the scope of the issues subject to ongoing litigation would be reduced, regardless of the outcome before the Second Circuit.  If the Appellees were to prevail and the Plan Payment Question prong of the Order was reversed, the Applicants would be entitled to payment of the Fees in accordance with the terms of the Plan and, barring a request for rehearing or *certiorari*, no further proceedings would be required in any forum.  Even if the UST were to prevail on the Plan Payment Question, the scope of matters ultimately in contention between the Appellees and the UST would still be significantly narrowed.  This would be the case if the Second Circuit addressed only the Plan Payment Question because that question would be definitively resolved and not subject to subsequent challenge in connection with any appeal (to this Court or the Second Circuit) from the Bankruptcy Court's ruling on remand.  It would be even more plainly the case if the Second Circuit addressed both the Plan Payment Question and the Substantial Contribution Standard Question because, with both of these questions resolved, only the last of the three sets of issues enumerated above—the issues raised by the Bankruptcy Court's application of the substantial contribution standard to the facts of the Omnibus Application—would remain for potential future appeal.  Such a significant narrowing of the appellate landscape could change materially the

litigation and settlement dynamic between the Applicants and the UST, and just as materially reduce the amount of judicial resources required to achieve final resolution of this matter.

### (b)   *Precedential Value in Other Cases*

The Plan Payment Question is also a "controlling" question of law because its resolution is likely to affect a "large number of cases."  *See McNeil v. Aguilos*, 820 F. Supp. 77, 79 (S.D.N.Y. 1993); *see, e.g.*, *Xuedan Wang v. Hearst Corp.*, No. 12CV 793(HB), 2013 WL 3326650, at *2 (S.D.N.Y June 27, 2013) (granting certification because "[a] decision on these questions will significantly affect the conduct of other lawsuits now pending in the district courts which have relied on other legal standards or the same legal standard, but have come out differently."); *Development Specialists*, 2012 WL 2952929, at * 5 (granting certification where "[a]n interlocutory answer to [the relevant question of law] has the potential to affect a large number of cases—some of which are already pending in this Court.").

The new rule announced by the Court in the Order is clearly in conflict with confirmed plans in numerous complex chapter 11 cases in this and other districts that provided for the payment of committee member fees.  *See, e.g.*, *In re Tribune Co.*, Case No. 08-13141 (KJC), Fourth Amended Joint Plan of Reorganization for Tribune Company and its Subsidiaries Proposed by the Debtors, the Official Committee of Unsecured Creditors, Oaktree Capital Management, L.P., Angelo, Gordon & Co., L.P. and JPMorgan Chase Bank, N.A., as Modified July 19, 2012 [Dkt. No. 12072-2] at § 9.1 (Bankr. D. Del. July 19, 2012) (providing for payment of creditors' committee members' professional fees, which shall be reviewed for reasonableness pursuant to section 1129(a)(4) of the Bankruptcy Code); *In re The Great Atlantic & Pacific Tea Co.*, Case No. 10-24549 (RDD), Confirmation Order [Dkt. No. 3477] at 30-31 ¶ 58 (Bankr. S.D.N.Y. Feb 28, 2012) (finding that plan provision that provided for payment of "reasonable and documented fees and expenses incurred by members of the Creditors' Committee during the

pendency of the Chapter 11 Cases in their capacities as members of the Creditors' Committee"
satisfied requirements of section 1129(a)(4) of the Bankruptcy Code); *In re Refco*, Case No. 05-
60006 (RDD), Confirmation Order [Dkt. No. 3971] at 13 ¶ N (Bankr. S.D.N.Y. Dec. 15, 2006)
(approving as reasonable, pursuant to section 1129(a)(4) of the Bankruptcy Code, payment of
fees to Senior Subordinated Note Indenture Trustee, who served on unsecured creditors'
committee in *Refco*, and in that capacity, incurred a portion of the fees to be paid under fee-
payment provision); *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW), Order
Confirming 7th Am. Joint Plan [Dkt. No. 9759] at 112 ¶ 78 (Bankr. D. Del. Feb. 23, 2012)
(providing for submission of claims for committee members' professionals' "reasonable fees and
expenses" and reserving parties' rights to object thereto).

   Without a Second Circuit precedent finally resolving the issue, uncertainty as to
the scope and reach of the new rule that the Order announced could impede the ability of debtors
and their creditors to agree upon consensual chapter 11 plans. *See Development Specialists*,
2012 WL 2952929, at * 5 ("Clarification of unsettled default rules will also be of importance to
the crafting of [the law firm partnership agreements at issue in this case] going forward.");
*Romea*, 988 F. Supp. at 717 (certifying for immediate appeal order which could have potential
effect of "open[ing] the door to a flood of federal court suits."). Thus, due to the far-reaching
impact of the Plan Payment Question beyond its resolution in the Lehman Cases, the Plan
Payment Question is a controlling question of law that should be certified to the Second Circuit
for immediate appellate review.

   **3.**  ***Potential Review of Substantial Contribution Question***

   The Order, if certified, would also present for potential review by the Second
Circuit the Substantial Contribution Standard Question. The Supreme Court has held, "as the

text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 205 (1996).  "[T]he appellate court may address any issue fairly included within the certified order because 'it is the order that is appealable, and not the controlling question identified by the district court.'" *Id.* (quoting 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 110.25[1], p. 300 (2d ed.1995); *see City of New York v. Beretta USA Corp.*, 524 F.3d 384, 391–92 (2d Cir. 2008) (citing *United States v. Stanley*, 483 U.S. 669, 676–77 (1987)); *Roth v. King*, 449 F.3d 1272 (D.C. Cir. 2006) (same); *Munroe v. Cont'l W. Ins. Co.*, 735 F.3d 783 (8th Cir. 2013) (same); *see generally* 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure* § 3929 at 144–145 (1977) ("[T]he court of appeals may review the entire order, either to consider a question different than the one certified as controlling or to decide the case despite the lack of any identified controlling question.").

Moreover, if certification is granted, the party not seeking certification is required to timely perfect its right to address any issues otherwise raised in the certified order by filing a cross-appeal, or potentially forfeit the right to appeal with respect to such issues.  *See Tranello v. Frey*, 962 F.2d 244, 247-48 (2d Cir. 1992) ("The failure to file [a] petition for permission to cross-appeal within the time provided" after certification "is a jurisdictional defect, *barring* th[e] Court from hearing [appellee]'s cross-appeal." ); *Roth*, 449 F.3d at 1283 (declining to "entertain appellees' cross-appeal on damages" where appellee failed to seek cross-appeal within prescribed period after certification); *but see Munroe*, 735 F.3d at 792 (granting party that failed to file timely cross-appeal right to address issue, but still requiring review of issue not certified under 28 U.S.C. § 1292(b) on interlocutory, rather than final, basis).  Thus, if certification is

- 13 -

granted, the UST will—based upon the position it espoused on appeal to this Court[4]—be presented with the choice of prosecuting a cross-appeal with respect to the Substantial Contribution Standard Question, or if it does nothing, potentially losing the right to address this issue on appeal.

If the UST does file a cross-appeal, or the Second Circuit elects to address the Substantial Contribution Standard Question *sua sponte*, immediate certification of the Order will serve the ends of judicial efficiency even more fully. Presented with both an interlocutory appeal as to the Plan Payment Question and a cross-appeal as to the Substantial Contribution Standard Question, the Second Circuit could definitively resolve all of the "pure" legal issues relevant to the implementation of the Order, and thus streamline significantly final resolution of the Omnibus Application.

**B.     The Order Involves Issues as to Which There Is Substantial Ground for Difference of Opinion**

A substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue; or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records*, 2013 WL 6869648, at *10 (quoting *In re Enron Corp.*, No. 06 Civ. 7828(SAS), 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007)); *see Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). Where the decision under review is in

---

[4]     The UST's position on the Applicants' inability to obtain reimbursement of the Fees on the basis of any "substantial contribution" they made to the Lehman Cases in their roles as Committee Members has remained consistent. On appeal, the UST argued that "§ 503(b) forbids reimbursement of official committee members' professional fee expenses, even if the Committee members independently satisfy some other category listed" in section 503(b). (Order at 10.) In a statement made to the press after the issuance of the Order, "a U.S. Trustee Program spokeswoman said that [any Committee member's "substantial contribution" request] must comply with bankruptcy law and be sought for 'contributions independent of the creditor's service on the committee.'" Jacqueline Palank, *Judge Denies Lehman Creditor Fees But Offers Hope in Ruling*, Daily Bankruptcy Review, April 3, 2014, at 5.

conflict with other decisions within the same district, substantial ground for difference of opinion likely exists.  *See*, *e.g.*, *Glatt*, 2013 WL 5405696, at *2 ("[I]ntra-district split and decisions from other circuits show a substantial basis exists for difference of opinion."); *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, 907 F. Supp. 2d 492, 526 (S.D.N.Y. 2013) (same).  The standard is also met when a party seeking certification shows that the conclusions reached by the district court are "by no means the only reasonable conclusions that an impartial arbiter could reach."  *Chan v. City of New York*, 803 F. Supp. 710, 733 (S.D.N.Y. 1992) (*citing Klinghoffer*, 921 F.2d at 25); *Kiobel v. Royal Dutch Petroleum Co.*, 456 F. Supp. 2d 457, 468 (S.D.N.Y. 2006) ("substantial grounds" prong satisfied where "reasonable minds may differ" as to resolution of controlling question), *aff'd in part*, *rev'd in part*, 642 F.3d 268 (2d Cir. 2010); *Unger v. United States*, No. 90Civ. 0384(WK), 1994 WL 90358, at *1 (S.D.N.Y. Mar. 16, 1994) (granting certification where "reasonable minds could well differ as to whether or not the Court of Appeals should *en banc* the question and change the existing law").  Regardless of the formulation used, this prong of the section 1292(b) standard is clearly satisfied with respect to the Plan Payment Question.

    *First*, the Plan Payment Question is, without doubt, "particularly difficult" and "of first impression for the Second Circuit."  *In re Enron Corp.*, 2007 WL 2780394, at *1 n.10.  The Order undertook to explore the complex issues of statutory interpretation raised by the Plan Payment Question, but it did so on a largely blank slate.  The only reported decision to address the issue prior to the Bankruptcy Court Decision was *Adelphia*.  In the intervening year, the *AMR* court, adopting the reasoning of *Adelphia* and the Bankruptcy Court Decision, added a second reported decision to the available precedent.  Beyond these two decisions, there was no district court, Second Circuit, or other circuit precedent available to inform this Court's decision as to

the Plan Payment Question.  Thus, as was the case in another recent decision involving a

bankruptcy court appeal, determination of the Plan Payment Question (i) "call[ed] for complex

statutory interpretation and address[ed] the intersections between different provisions of the

Bankruptcy Code" and other applicable statutes; and (ii) raised issues that "were of first

impression in the Second Circuit and further appear[ed] to be of first impression in any federal

court."  *Hawker Beechcraft*, 2013 WL 6673607, at *5.  Certification was granted in the *Hawker*

case; it should also be granted here.

   *Second*, the Order is plainly in conflict with other decisions in this District

because the few Southern District of New York cases that have addressed the Plan Payment

Question have reached conclusions that differ from those reached by the Court.  In both *Adelphia*

and *AMR*, the bankruptcy court reviewed similar plan provisions and held that the Bankruptcy

Code leaves room for permissive plan payment of committee member professional fees outside

of section 503(b).  *See Adelphia*, 441 B.R. at 9; *AMR*, 497 B.R. at 694-96.  By contrast, this

Court concluded that section 503(b) is the only avenue available for the payment of such fees,

regardless of whether such fees are disputed by, or acceptable to, the debtor.  These divergent

intra-district holdings plainly demonstrate that there is substantial ground for difference of

opinion within the meaning of 28 U.S.C. § 1292(b) with respect to the Plan Payment Question.

*See Glatt*, 2013 WL 5405696, at *2 ("[I]ntra-district split and decisions from other circuits show

a substantial basis exists for difference of opinion.").

   *Third*, certification is appropriate because the conclusions reached by the Court as

to the Plan Payment Question "were by no means the only reasonable conclusions that an

impartial arbiter could reach."  *Chan*, 803 F. Supp. at 733.  Given the inconsistent case law, lack

of binding precedent, and the colorable nature of the competing arguments, an "impartial arbiter"

could have "reasonably" decided the Plan Payment Question differently than did this Court. Indeed, an impartial arbiter did precisely that in the *Adelphia* and *AMR* cases (as well as in the Bankruptcy Court Decision).[5] Thus, because "reasonable minds may differ" as to the resolution of Plan Payment Question, the Order should be certified for appeal to the Second Circuit, to afford the Court of Appeals an opportunity to weigh in definitively on the validity of plan provisions allowing for the payment of committee members' professional fees in this Circuit. *Kiobel*, 456 F. Supp. 2d at 468.

## C.   An Immediate Appeal May Materially Advance Ultimate Termination of Litigation

The final element of 28 U.S.C. § 1292(b) is satisfied here because "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Hawker Beechcraft*, 2013 WL 6673607, at *4; *Capitol Records*, 2013 WL 6869648, at *9. "Courts place particular weight on the third factor:  whether immediate appeal will materially advance the ultimate termination of the litigation." *Capitol Records*, 2013 WL 6869648, at *10 (quoting *Transp. Workers Union of Am. v. NYC Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005)); *see also Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.").

"An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial,'" especially in complex or "big cases" with an abundance of discrete issues. *Hawker Beechcraft*, 2013 WL 6673607, at *5 (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53

---

[5]   Noteworthy in this regard is the fact that the UST did not appeal either the *Adelphia* or the *AMR* decision, implicitly conceding that these contrary holdings were, in fact, "reasonably" decided.

(S.D.N.Y. 1998)); *see Duplan Corp. v. Slaner (In re Duplan Corp.)*, 591 F.2d 139, 148 (2d Cir. 1978) ("The critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation."); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262(RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) ("Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases."); *Bruce v. Martin*, 712 F. Supp. 442, 445 (S.D.N.Y. 1989) (same) (citing 16 C. Wright, A. Miller, E. Cooper, & E. Gressman, *Federal Practice and Procedure* § 3929 at 135 (1977)).

Although "technically the question of whether there is a controlling issue of law is distinct from the question of 'whether certification would materially advance the ultimate termination of the litigation,' in practice the two questions are closely connected." *Development Specialists*, 2012 WL 2952929, at *8 (citing *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 WL 39918, at *2 (S.D.N.Y. Jan. 6, 2005)); *see also Duplan Corp.*, 591 F.2d at 148 n.11; *Pub. Interest Research Grp. of New Jersey, Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3930 (1996). Here, for the same reasons set forth above with respect to the "controlling question of law" prong of the standard, the Plan Payment Question satisfies this final element of the 28 U.S.C. § 1292(b) test.

If the Appellees prevail and the Order is reversed, the Applicants would be entitled to payment of the Fees in accordance with the terms of the Plan, and no further proceedings would be required. Under such circumstances, there would be no need to address the substantial contribution remand and, barring the filing of a petition for rehearing or *certiorari*, neither the courts nor the parties would be required to devote additional time or

resources to this matter.  *See Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (proper

inquiry under § 1292(b) is whether "interlocutory reversal might save time for the district court

and time and expense for the litigants."); *Laborers Local 17 Health & Benefit Fund v. Philip

Morris, Inc.*, 7 F. Supp. 2d 294, 297 (S.D.N.Y. 1998) ("the most efficient course is to seek

[interlocutory] review before the parties and the district court engage in protracted litigation").

Even if the UST prevails on the Plan Payment Question and the Order is affirmed,

the scope of matters ultimately in contention between the Applicants and the UST would still be

significantly narrowed.  As discussed above, this would be the case if the Second Circuit

addressed only the Plan Payment Question, but it would be even more plainly the case if the

Second Circuit addressed both the Plan Payment Question and the Substantial Contribution

Standard Question because, with both of these questions resolved, only one issue would remain

for appellate review, namely, the Bankruptcy Court's application of this Court's ruling on the

Substantial Contribution Standard Question to the Omnibus Application.  This narrowed

appellate landscape would significantly reduce the amount of judicial resources required to

finally conclude this "largest and most complicated" case.  Under such circumstances, the

"disposition of the litigation" would plainly be "substantially accelerated."  *Duplan Corp.*, 591

F.2d at 148.

## II.

### IF CERTIFICATION IS GRANTED, COURT SHOULD
### STAY FURTHER PROCEEDINGS IN BANKRUPTCY COURT
### PENDING DISPOSITION OF INTERLOCUTORY APPEAL

Section 1292(b) grants district courts broad discretion to stay proceedings while

an interlocutory appeal is pending.  28 U.S.C. § 1292(b) (application for interlocutory review

"shall not stay the proceedings in the district court unless the district judge or the Court of

Appeals or a judge thereof shall so order."); *see Mills v. Everest Reinsurance Co.*, 771 F. Supp.

2d 270, 273 (S.D.N.Y. 2009) ("When issuing a certificate of appealability, the court also has the

discretion to stay the proceedings").  Numerous courts have issued such stays, generally on the

ground that satisfaction of the 28 U.S.C. § 1292(b) standard—with its balancing of competing

interests, judicial efficiency concerns, and public interest considerations—is itself sufficient to

warrant the issuance of a stay without any further showing.  *See*, *e.g.*, *Xuedan*, 2013 WL

3326650 at *2 (after finding 28 U.S.C. § 1292(b) factors satisfied, stating "[t]he underlying case

will be stayed during the pendency of this motion and if the appeal is granted the stay will

continue to the date of the Circuit's decision."); *Geron v. Robinson & Cole LLP*, 476 B.R. 732,

745-56 (S.D.N.Y. 2012) (*sua sponte* certifying order for interlocutory review and staying "all

proceedings in the district court pending a decision on certification from the Court of Appeals.");

*Development Specialists*, 2012 WL 2952929, at *10 (staying all proceedings to the extent they

relate to certified questions, in order to avoid "a difficult and expensive proceeding," despite the

fact that a reversal would not be dispositive); *Kramer v. Lockwood Pension Servs., Inc.*, 653 F.

Supp. 2d 354, 398 (S.D.N.Y. 2009) (in certifying case for interlocutory appeal, noting that "in

order to promote the most efficient use of resources, the Court also stays this action pending the

ten day period for taking an appeal, the Circuit's determination whether certification is

appropriate, and if it is further certified to the New York Court of Appeals, pending that Court's

determination."); *In re Zyprexa Prods. Liab. Litig.*, No. 04-MD-1596, 2008 WL 2696916

(E.D.N.Y. Jul. 2, 2008) ("The proceedings in this court are stayed pending any possible remand

by the Court of Appeals for the Second Circuit."); *Shipping Corp. of India, Ltd. v. Jaldhi

Overseas PTE Ltd.*, No. 08 Civ. 4328(JSR), 2008 WL 2596229, at *1 (S.D.N.Y. June 27, 2008)

("[T]he Court hereby certifies the *vacatur* for interlocutory appeal and stays the *vacatur* for 90

days so that plaintiff can pursue such an appeal on an expedited basis."), *aff'd in part, vacated in*

*part, on other grounds*, 585 F.2d 8 (2d Cir. 2009).[6]

        The same factors that support certification of the Plan Payment Question to the Second Circuit favor staying any further litigation with respect to the Order in the Bankruptcy Court during the pendency of the appeal.  Given that (i) resolution of the Plan Payment Question in the Appellees' favor would obviate any need for a "substantial contribution" determination, and save all the time, efforts, and funds required to make such a determination, (ii) any resolution of the Plan Payment Question would potentially narrow the issues ultimately appealable to the Second Circuit, and (iii) if certification is granted, all aspects of the Order would be subject to review by the Second Circuit, judicial economy would be best served by staying any proceedings on remand until the Second Circuit has addressed the issues raised by the Order.  Addressing the matters remanded for further findings in the Bankruptcy Court before the appeal is resolved could only result in the duplicative and unnecessary consumption of litigant and judicial resources, for the dubious purpose of adjudicating issues that may never need to be litigated (*i.e.*, all aspects of the "substantial contribution" question, if the Plan

---

[6]     The outcome would be same if the Court applied the four-factor test generally applicable to requests for stay pending appeal under Rule 8 of the Federal Rules of Appellate Procedure.  *See, e.g.*, *Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 640 (S.D.N.Y. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1760 (2009)) (listing factors as (i) applicant's likelihood of success on merits; (ii) irreparable injury to applicant; (iii) substantial injury to other parties in interest; and (iv) the public interest); *Mohammed v. Reno*, 309 F.3d 95, 100-01 (2d Cir. 2002) (same); *Medien Patent Verwaltung AG v. Warner Bros. Entm't Inc.*, No. 10-4119, 2014 WL 1169575, at *2 (S.D.N.Y. Mar. 21, 2014) (same).  If the Court makes section 1292(b) findings as to "substantial ground for difference of opinion," "controlling question of law," and "material advancement," it will, in effect, also have found that (i) the Appellees have some likelihood of success on the merits; (ii) proceeding with the litigation would impose unnecessary and irreparable burdens on the litigants and the courts; and (iii) certifying an interlocutory appeal would ameliorate these burdens and serve the "public interest" by expediting the "ultimate termination" of litigation concerning the Omnibus Application.  *See Payne v. Jumeirah Hosp. & Leisure (USA) Inc.*, 808 F. Supp. 2d 604, 605 (S.D.N.Y. 2011) (finding further proceedings in that forum would be "unproductive and incompatible with judicial economy").

Payment Question is resolved in the Appellees' favor) or may need to addressed more than once (*i.e.*, application of the "substantial contribution" standard to the current facts, if the Second Circuit modifies the "substantial contribution" standard on appeal).  In light of the "controlling" nature of the question as to which certification is sought and the likelihood that future litigation relating to this and related questions would be materially streamlined if certification is granted, all future proceedings in the Bankruptcy Court with respect to the Omnibus Application should be stayed pending disposition of the interlocutory appeal.

## CONCLUSION

For the reasons set forth herein, Appellees respectfully request that this Court (i) amend the Order to include the certification required for interlocutory review pursuant to 28 U.S.C. § 1292(b); and (ii) issue a stay of further litigation relating to the Omnibus Application pending disposition of the appeal.

Dated:  New York, New York           **MILBANK, TWEED, HADLEY & McCLOY LLP**
April 25, 2014

By: /s/ Dennis F. Dunne_____
Dennis F. Dunne
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY  10005
Telephone: (212) 530-5000
Fax: (212) 530-5219

David S. Cohen
Andrea M. McNamara
1850 K Street N.W., Suite 1100
Washington, DC  20006
Telephone: (202) 835-7500
Fax: (202) 835-7586
Counsel for the Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**COVINGTON & BURLING LLP**
Michael B. Hopkins
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
Telephone: (212) 841-1064
Fax: (646) 441-9064
Counsel for Wilmington Trust Company, as member of the
Committee and indenture trustee

**STROOCK & STROOCK & LAVAN LLP**
Mark A. Speiser
180 Maiden Lane
New York, NY  10038-4982
Telephone: (212) 806-5400
Fax: (212) 806-6006
Counsel for Mizuho Bank, Ltd. f/k/a Mizuho Corporate
Bank, Ltd., as member of the Committee

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Russell L. Reid, Jr.
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 653-8700
Fax: (212) 653-8701
Counsel for The Bank of NY Mellon, as member of the
Committee and indenture trustee

**SULLIVAN & WORCESTER LLP**
Richard Hiersteiner
One Post Office Square
Boston, MA  02109
Telephone: (617) 338-2800
Fax: (617) 338-2880
Counsel for U.S. Bank National Association, as member of
the Committee and indenture trustee

**ARENT FOX LLP**
David Dubrow
1675 Broadway
New York, NY  10019
Telephone: (212) 484-3957
Fax: (212) 484-3990
Counsel for The Vanguard Group, Inc., as member of the
Committee

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Dov Kleiner
551 Fifth Avenue, 18th Floor
New York, New York  10176
Telephone: (212) 986-6000
Fax: (212) 986-8866
Counsel for Shinsei Bank, Limited, as former member of
the Committee

**KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**
Matthew J. Gold
551 Fifth Avenue, 18th Floor
New York, New York  10176
Telephone: (212) 986-6000
Fax: (212) 986-8866
Counsel for Elliott Management Corp., as former member
of the Committee

**LOEB & LOEB LLP**
Walter H. Curchack
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
Fax: (212) 504-8058
Counsel for Wilmington Trust Company, as member of the
Committee and indenture trustee