USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., *et al.*,

Debtors.

TRACY HOPE DAVIS, UNITED STATES TRUSTEE FOR REGION 2,

Appellant,

-v-

ELLIOT MANAGEMENT CORP., *et al.*,

Appellees.

No. 13 Civ. 2211 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On March 31, 2014, the Court issued a Memorandum and Order vacating the bankruptcy court's decision and remanding the case for further proceedings. (Doc. No. 19 (the "Opinion").) Now before the Court is Appellees' motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the motion is denied.

The Court presumes the parties' familiarity with the factual and procedural background of this case.

## I. LEGAL STANDARD

Litigants are generally required to wait for a final judgment before they may appeal. *See Klinghoffer v. S.N.C. Achille Lauro,* 921 F.2d 21, 25 (2d Cir. 1990). However, a district court may certify an immediate appeal of an interlocutory order if the court finds that (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

A question of law is "controlling" if "reversal of the district court's order would terminate the action." *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.,* No. 06 Civ. 15375 (KMK), 2007 WL 1119753, at *2 (S.D.N.Y. Apr. 12, 2007) (quoting *Klinghoffer,* 921 F.2d at 24); *see also S.E.C. v. Credit Bancorp, Ltd.,* 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) ("In determining whether a controlling question of law exists[,] the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases."). As for the second criterion, "[f]or there to be a 'substantial ground for difference of opinion' under the law . . . there must be substantial doubt that the district court's order was correct." *SPL Shipping Ltd.,* 2007 WL 1119753, at *2 (internal quotation marks omitted). The third criterion is primarily concerned with judicial efficiency and is the "most important" of the three factors. *SEC v. Gruss,* No. 11 Civ. 2420 (RWS), 2012 WL 3306166, at *4 (S.D.N.Y. Aug. 13, 2012). Thus, "it is not enough that the interlocutory appeal would not delay the action; it must advance the time for trial or . . . shorten the time required for trial." *Id.* (internal quotation marks omitted). These three criteria are "conjunctive, not disjunctive," and courts may only certify an interlocutory appeal where all three are satisfied. *Id.* at *1 (internal quotation marks omitted).

"[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370–71 (S.D.N.Y. 2008) (internal quotation marks omitted). Indeed, "only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer*, 921 F.2d at 25 (internal quotation marks omitted). The Second Circuit has noted that "Congress passed 28 U.S.C. § 1292(b) primarily to ensure that the courts of appeals would be able to 'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.'" *Weber v. United States Trustee*, 484 F.3d 154, 159 (2d Cir. 2007) (internal quotation marks omitted). Therefore, interlocutory appeal is "'a rare exception' where, in the discretion of the district judge, it 'may avoid protracted litigation.'" *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (quoting *Koehler*, 101 F.3d at 865–66 (2d Cir. 1996)). Consequently, "federal practice strongly disfavors discretionary interlocutory appeals [as they] prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d at 144.

## II. DISCUSSION

The parties do not dispute that the Opinion decided a controlling question of law. The Court therefore addresses the second two criteria only. Although the Court finds that neither of the second two criteria are satisfied, the Court also finds that, even if they had been satisfied, no exceptional circumstances justify an interlocutory appeal in this case.

### A. There Is No Substantial Ground for Difference of Opinion

Obviously, the Court believes that its decision was correct. More importantly, however, the Court does not find any "substantial doubt" that the decision was correct. If, as Appellees claim, debtors and creditors could freely fashion "plan payments" whenever it might help the bankruptcy process, one

3

would expect such payments to be common. Yet, throughout the entire history of the Bankruptcy Code, Appellees can point to only three court decisions that have allowed for the plan payments they seek, and all of those decisions are from the last four years and from the same court – the Southern District of New York Bankruptcy Court. *See In re AMR Corp.*, 497 B.R. 690 (Bankr. S.D.N.Y. 2013); *In re Lehman Bros. Holdings Inc.*, 487 B.R. 181 (Bankr. S.D.N.Y. 2013), *vacated and remanded*, 508 B.R. 283 (S.D.N.Y. 2014); *In re Adelphia Commc'ns Corp.*, 441 B.R. 6 (Bankr. S.D.N.Y. 2010). Further, only the first of those cases – *Adelphia* – contains detailed analysis on the issue, while the other two largely adopt *Adelphia*'s reasoning, *see In re AMR Corp.*, 497 B.R. at 694–96; *In re Lehman Bros. Holdings Inc.*, 487 B.R. at 191–93. The existence of a small number of bankruptcy court opinions to the contrary – especially opinions based on reasoning that the Court has already determined is unpersuasive – does not create a "substantial doubt" that the Court's opinion was correct. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, it is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." (citations and internal quotation marks omitted)).

### B. Immediate Appeal Would Not Materially Advance the Litigation

Allowing an interlocutory appeal would only advance termination of the litigation if Appellees are successful on appeal – which, as just discussed, is unlikely. On the other hand, if Appellees are unsuccessful – which is more likely – they will need to go through the same proceedings in the bankruptcy court that they are facing now and will have to go through a second round of appeals to seek review of the bankruptcy court's application of 11 U.S.C. § 503(b)(3)(D). As a result, granting an interlocutory appeal is likely to waste time instead of save time.

4

True, in some cases it might be worth taking the risk of piecemeal appellate review if the proceedings that could be avoided by a successful appeal would be substantial. Here, however, all that remains is the bankruptcy court's application of 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4), an issue that Appellees already addressed in their first application to the bankruptcy court and an issue that the bankruptcy court has ample experience deciding.[1] Moreover, it is possible that on remand the parties will settle their dispute or that Appellees will receive enough fees through §§ 503(b)(3)(D) and 503(b)(4) that they determine further appeals are unnecessary. The Court therefore finds that an interlocutory appeal is unlikely to result in a material advance in the ultimate termination of the litigation.

### C. No Exceptional Circumstances Justify an Interlocutory Appeal

Even assuming that there is substantial doubt that the Opinion is correct and that an interlocutory appeal might materially advance the ultimate termination of the litigation, this case is not an "exceptional case" where an interlocutory appeal is justified. Appellees do not claim that waiting for a final order would cause them any prejudice beyond delay and added litigation expense. Generally, such added delay and expense cannot justify an interlocutory except in "'big' cases, in which it is expected that prolonged pretrial and protracted trial efforts will follow the disputed ruling." *See* 16 Charles Alan

---

[1] Although Appellees imply that the Court created a new standard for substantial contributions under 11 U.S.C. § 503(b)(3)(D) (Doc. No. 21 at 5–6), the Court in fact recited the same standard that is commonly used by courts in this Circuit. *Compare In re Lehman Bros. Holdings Inc.*, 508 B.R. 283 (S.D.N.Y. 2014) ("To the extent official committee members perform extraordinary work to benefit the estate, above and beyond normal committee duties, they may . . . have made a 'substantial contribution in a case.'"), *with In re United Merchants & Mfrs., Inc.*, No. 97 Civ. 5437 (DC), 1999 WL 4929, at *2 (S.D.N.Y. Jan. 5, 1999) ("A substantial contribution award is made only for extraordinary creditor actions, on those rare occasions when the creditor's involvement truly fosters and enhances the administration of the estate." (internal quotation marks omitted)), *aff'd*, 198 F.3d 235 (2d Cir. 1999); *see also Bedford JV, LLC v. Sky Lofts, LLC*, No. 12 Civ. 5850 (DLI), 2013 WL 4735643, at *4 (E.D.N.Y. Sept. 3, 2013) (requiring "extraordinary creditor actions"); *In re S & Y Enterprises, LLC*, 480 B.R. 452, 459 (Bankr. E.D.N.Y. 2012) (same); *In re Bayou Grp., LLC*, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) (same); *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008) (same). Appellees offer no reason why applying that standard would prove particularly difficult in this case.

Wright, et al., *Federal Practice and Procedure* § 3929 (3d ed.). Although this case involves an amount of money that might seem large in most contexts – $26 million – that sum is not large enough to qualify as a "big" case when compared to the amounts at issue in many cases in this district. Moreover, the remaining proceedings before the bankruptcy court are focused on a single, discrete issue and would not require prolonged pretrial and trial efforts.

Further, although Appellees argue that the Court's decision could create uncertainty for future bankruptcy cases, that possible uncertainty does not justify an interlocutory appeal. Appellees stressed during the appeal that the plan payments at issue here would be available in a limited number of cases only. (Doc. No. 12 at 23–24.) Assuming that claim was true, any uncertainty will be restricted to those few cases. As virtually any case involving statutory interpretation has the potential to create uncertainty for at least a few cases, the uncertainty here is not an exceptional circumstance justifying an interlocutory appeal. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. 12-cv-2389 (RWS), 2014 WL 988549, at *10–11 (S.D.N.Y. Mar. 13, 2014) (noting that "all opinions" "have some precedential value" and that the potential for uncertainty following an opinion does not, on its own, justify an interlocutory appeal).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Appellees motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 20.

SO ORDERED.

Dated:   June 26, 2014
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

6